UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAIRO BUENROSTRO CORNEJO,<br><br>  Defendant. | No. 2:14-cr-00342-KJM-1<br><br>ORDER |

      As the court recently has had occasion to recount, the court held an evidentiary hearing on defendant's pending motion to suppress evidence on September 23, 2015. ECF No. 38. The parties did not conclude presentation of evidence on September 23, 2015, so the court set a second day for the hearing. ECF Nos. 38, 41. Since that date, the matter has been continued multiple times, several times at the request of counsel. *See* ECF Nos. 40–41, 42, 44–45, 46, 51, 52, 56. After the continued hearing set for February 1, 2016 was vacated on short notice due to a medical condition of defense counsel, the court granted the parties two weeks to select a new hearing date. ECF Nos. 52–54. On February 11, 2016, at the parties' request, the court set the hearing for March 21, 2016. ECF Nos. 55–56.

      On March 17, 2016, less than two business days before the March 21 hearing, defense counsel filed a motion to continue the second day of evidentiary hearing once again, this

1

1  time because counsel represented she would be unavailable due to a conflicting criminal trial in
2  Sacramento County Superior Court. ECF No. 57. On March 17, 2016, the government opposed
3  defendant's motion to continue, describing the burden the further continuance will place on the
4  witness Sheriff's Deputy and his law enforcement agency. ECF No. 58. On March 18, 2016, the
5  court denied defendant's motion, observing in part:

> Based on defendant's motion, it is not clear defense counsel advised the state court that she had a confirmed evidentiary hearing in federal court with officers traveling to attend. Regardless, the court is not prepared to continue the repeatedly rescheduled second day of evidentiary hearing given the burden on the witnesses and the court.

ECF No. 59 at 2.

Late in the afternoon on March 18, 2016, defense counsel filed a renewed motion to continue the March 21 hearing. ECF No. 61. Defense counsel filed a declaration representing her state court trial had been set for March 7, 2016 and was anticipated to conclude well before the March 21 evidentiary hearing in this action. Babineau Decl. ¶ 5, ECF No. 61-2. But defense counsel had then moved to continue that trial, because her expert was not available until April 4, 2016. *Id.* ¶ 5. Defense counsel had expected her motion to be granted, but the state calendaring and trial departments denied her motion. *Id.* ¶¶ 5–6. In her declaration, defense counsel acknowledges, "I should have filed the motion to continue Mr. Cornejo's matter sooner . . . . I simply was overwhelmed with my other commitments and filed the motion as soon as I realized the conflict." *Id.* ¶ 8. She explained "[she] had to drop all other matters to finish preparing for [the trial]," and her husband had surgery on March 14. *Id.* ¶¶ 6–7.

On March 18, 2016, after this court denied her initial motion to continue the March 21 hearing, defense counsel requested an emergency hearing with the state court and made an oral motion to continue the trial there until March 22. *Id.* ¶ 10. The state court denied her motion, so she filed a renewed motion with this court to continue the March 21 evidentiary hearing. *Id.* ¶ 11; *see* Minute Order, ECF No. 61-1. The courtroom deputy telephonically conferred with both parties, because the renewed motion did not state whether defense counsel had contacted the government to ask the government's availability and jointly propose a new

1  hearing date.  After conferring, the parties filed a stipulation to continue the March 21 hearing to
2  March 29.  ECF No. 63.  The court reset the hearing as provided by the stipulation and denied
3  defendant's renewed motion to continue as moot.  ECF No. 64.
4        Based on the foregoing events, and the multiple lapses they reflect, defense
5  counsel is hereby ORDERED, within seven (7) days of entry of this order, to show cause why she
6  should not be personally sanctioned in the amount of $250 for her failure to act diligently and
7  professionally in anticipating and responding to the scheduling conflicts posed by the confirmed
8  March 21 evidentiary hearing in this court and the state court trial proceedings.  *See, e.g.,* L.R.
9  110, 180(e).
10       IT IS SO ORDERED.
11 DATED:  March 22, 2016.

_____
UNITED STATES DISTRICT JUDGE